UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKS HANA,                                        Case No. 10-11858

         Plaintiff,                              Patrick J. Duggan
vs.                                                United States District Judge

COMMISSIONER OF                                    Michael Hluchaniuk
SOCIAL SECURITY,                                   United States Magistrate Judge

         Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 15, 16)**

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On May 7, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Patrick J. Duggan referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 15, 16).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on May 15, 2006, alleging that he became

unable to work on May 1, 2006. (Dkt. 10, Tr. at 94-101). The claim was initially

disapproved by the Commissioner on August 16, 2006. (Dkt. 10, Tr. at 59-66).

Plaintiff requested a hearing and on August 26, 2006, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Patricia S. McKay, who

considered the case *de novo*. In a decision dated July 24, 2009, the ALJ found that

plaintiff was not disabled. (Dkt. 10, Tr. at 5-18). Plaintiff requested a review of

this decision on September 22, 2009. (Dkt. 10, Tr. at 4). The ALJ's decision

became the final decision of the Commissioner when the Appeals Council, on

March 4, 2010, denied plaintiff's request for review. (Dkt. 10, Tr. at 1-3); *Wilson*

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED** and that the findings of the Commissioner be

**AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was fifty years of age at the time of the most recent administrative

hearing. (Dkt. 10, Tr. at 24). Plaintiff's relevant work history included

approximately fourteen years as a butcher. (Dkt. 10, Tr. at 114). In denying

plaintiff's claims, defendant Commissioner considered depression and anxiety as

possible bases of disability.   (Dkt. 10, Tr. 113).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since May 1, 2006.  (Dkt. 10, Tr. at 10).  At step two, the ALJ found that plaintiff's major depressive disorder and anxiety disorder were "severe" within the meaning of the second sequential step.  (Dkt. 10, Tr. at 11).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*  At step four, the ALJ found that plaintiff could not perform his previous work as a butcher and a truck driver.  (Dkt. 10, Tr. at 17).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  *Id*.

B.   Plaintiff's Claims of Error

Plaintiff's brief does not make any allegations about the ALJ's decision or any errors that he believes the ALJ made.  Rather, plaintiff describes his anxiety and nervousness, and symptoms, contends that he cannot hold a job, and reports that his medication makes him "very confused, agitated, and unable to deal with people and very angry and mad."

C.   Commissioner's Motion for Summary Judgment

The Commissioner first points out that the mere diagnosis and treatment of medical conditions does not indicate the severity of any resulting impairments.

Further, the Commissioner asserts that the ALJ considered the work-related impact of plaintiff's anxiety and depression in accordance with applicable regulations and Social Security Ruling 96-8p. (Tr. 11-18). She found that plaintiff's anxiety and depression were severe impairments, and incorporated significant limitations into her RFC finding to account for them. (Tr. 13). For instance, plaintiff's reports in his brief that his medication made him confused, angry, and unable to deal with people. The Commissioner points out that the ALJ specifically accounted for plaintiff's reported medication side effects by limiting him to only occasional changes in routine, occasional contact with the public and coworkers, and no close supervision. (Tr. 13, 16). In her decision, the ALJ explained in detail how she arrived at these limitations, and how she weighed the opinions of treating and reviewing physicians. (Tr. 14, Tr. 15).

According to the Commissioner, the ALJ also reasonably discounted plaintiff's contention that his limitations prevented him from holding a job. In addition to citing medical evidence from Dr. Pohl, and noting the general lack of substantial treatment for plaintiff's allegedly disabling impairments (Tr. 14), the ALJ discussed other substantial evidence for this conclusion including plaintiff's "longstanding history of anxiety and related symptoms," from as early as the 1970s when he had quit college in Iraq. (Tr. 16, 26). As the ALJ noted, plaintiff had been able to work with these impairments since then, and he had not presented

any evidence that would "illustrate a change or worsening" of his condition.  (Tr. 16).  For instance, the ALJ specifically cited plaintiff's return to work as a butcher after his alleged onset date.  (Tr. 16).  Plaintiff testified that the store had fired him because they wanted to rehire their old butcher, and not because of any impairments he had.  (Tr. 28).

The Commissioner also points out that plaintiff had received unemployment benefits after his alleged onset date, and was receiving them when he appeared at the hearing.  (Tr. 29).  As the ALJ correctly noted, a state agency's determination that Plaintiff was eligible for unemployment benefits, "which require[] an individual to demonstrate a willingness and readiness to work, clearly suggests that [Plaintiff was] not as debilitated as alleged." (Tr. 16); 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5).  The Sixth Circuit has held that "[a]pplications for unemployment and disability benefits are inherently inconsistent."  *Workman v. Comm'r of Soc. Sec.*, 105 Fed.Appx. 794, 801 (6th Cir. 2004).

The Commissioner also argues that the ALJ included significant functional limitations in her RFC finding to account for all of plaintiff's impairments, citing substantial evidence to support her conclusions and she complied with the applicable regulations and rulings throughout her well-reasoned decision. According to the Commissioner, plaintiff's brief makes no attempt to describe what errors he believes that the ALJ made, nor does it offer any evidence to

support any potential assertions of error.  Simply, the Commissioner asserts,

plaintiff's brief fails to explain how the ALJ's RFC finding failed to account for

his impairments.  According to the Commissioner, this is fatal to his legal

challenge, given plaintiff's burden of proving that his impairments were disabling

during the closed period.  Thus, the Commissioner urges the Court to affirm the

ALJ's conclusion that plaintiff failed to satisfy his burden.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

    If supported by substantial evidence, the Commissioner's findings of fact

are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion."  *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

    The scope of this Court's review is limited to an examination of the record

only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R.

§ 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.

> Step Four:  If the claimant is able to perform his or her

> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.  Analysis and Conclusion

Not only has plaintiff failed to identify any errors in the ALJ's analysis, but there is a dearth of medical evidence in the record to support any claim that plaintiff suffered from disabling limitations. At best, plaintiff has shown that he suffered from anxiety and depression and had some moderate limitations as a result. While the record reveals that plaintiff's conditions resulted in several limitations, as found by the ALJ, the mere existence of a particular condition is insufficient to establish an inability to work. *See e.g., Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities ."); *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other."); *Griffeth*, 217 Fed.Appx. at 429 ("The regulations recognize that individuals who have the same severe impairment may have

different residual functional capacities depending on their other impairments, pain, and other symptoms.").

Moreover, plaintiff does not offer any opinion from a treating physician that he was more limited than as found by the ALJ. *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of ... restrictions constitutes substantial evidence for a finding of non-disability."). The ALJ's decision to not give controlling weight to Dr. Kumar, who offered nothing but a single letter and no supporting treating records, follows the regulations governing treating physicians. Moreover, the undersigned agrees with the ALJ's observations that Dr. Kumar's letter was internally inconsistent and not consistent with other record evidence. Thus, there is no treating physician who opined that plaintiff was more restricted than the RFC formulated by the ALJ.

The undersigned finds that the ALJ's reasoning and application of the regulations to plaintiff's claim was sound, thorough, and supported by substantial evidence. In addition, plaintiff identifies no error in the ALJ's analysis or conclusions. For these reasons, the undersigned concludes that the plaintiff's motion for summary judgment should be denied and that the Commissioner's motion for summary judgment should be granted.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," *etc*.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: July 20, 2011                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 20, 2011, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to the following: <u>Judith E. Levy, AUSA, and the Commissioner of
Social Security</u>, and I certify that I have mailed by United States Postal Service the
paper to the following non-ECF participant(s): <u>Rocks Hana, 24357 Lauren
Avenue, Warren, MI 48089</u>.

                                             s/Darlene Chubb
                                             Judicial Assistant
                                             (810) 341-7850
                                             darlene_chubb@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Hana v. Comm'r*; Case No. 10-11858